IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEAN D. GADSON,

    Petitioner,

v.

DERRICK L. OLLISON,

    Respondent.
                                 /

No. C 06-05571 CRB

**ORDER DENYING PETITION FOR HABEAS CORPUS**

      Petitioner Floyd Collins, a state prisoner incarcerated at Ironwood State Prison, seeks federal habeas review under 28 U.S.C. section 2254 of a conviction for robbery after trial before a San Mateo County jury. Petitioner raises two interrelated claims: (1) the trial court erred by failing to sua sponte instruct the jury on the lesser-included offense of battery; and (2) the trial court erred by denying petitioner's motion for a new trial based on the failure to include a battery instruction. As the parties are familiar with the facts as set forth in the opinion of the California Court of Appeal, the Court will not repeat them here.

**STANDARD OF REVIEW**

      This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Relief may not be granted unless the state ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). The federal habeas court may not engage in a *de novo* analysis of the judgment, but must review it with deference to the state court. It is not enough that the state court applied clearly established federal law incorrectly; to grant habeas the federal court must find that the incorrect application was also unreasonable. Williams v. Taylor, 529 U.S. 362, 410-411 (2000).

## THE STATE APPELLATE COURT OPINION

The California Court of Appeal rejected Petitioner's claims in a written opinion. First, the court concluded that battery is not a necessarily included offense of the crime of robbery. "To determine whether a lesser offense is necessarily included in the charged offense, one of two tests (called the 'elements' test and the 'accusatory pleading' test) must be met." People v. Gadson, May 5, 2005 at 6 (internal quotation marks and citation omitted) ("Opinion"). Under the elements test, "if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former." Id. (internal quotation marks omitted). The court reasoned that since robbery may be committed without the use of force or violence, that is without committing a battery, battery is not a lesser-included offense under the elements test. Id. at 8.

Under the "accusatory pleading" test "if the charging allegations of accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." Id. at 6 (internal quotation marks and citation omitted). The court concluded that because the accusatory pleading here charged petitioner using the disjunctive statutory language, that is, that the robbery was committed with force *or* fear, battery was not a lesser-included offense under this alternate test. Id. at 8.

The court held that the absence of a battery instruction did not prevent the jury from considering Petitioner's defense, that is, his contention that he did not know "that Derek and Jose wanted to rob Andrew" and he did not "harbor[] the requisite intent to encourage or facilitate the robbery and then to promote and encourage Jose to commit the robbery." Id. at

1  9 (internal quotation marks omitted).  "Pursuant to the robbery and aiding and abetting
2  instructions, to reach a verdict of guilty of the charged offense the jury was required to make
3  the findings that defendant had the specific intent to deprive the victim of property, and
4  intended to encourage or facilitate the commission of the robbery."  <u>Id.</u> at 9.

## DISCUSSION

Petitioner's habeas claims fail.  In the Ninth Circuit "'the failure of a state court to instruct on a lesser offense [in a non-capital case] fails to present a federal constitutional question and will *not* be considered in a federal habeas corpus proceeding.'"  <u>Solis v. Garcia</u>, 219 F.3d 922, 929 (9th Cir. 2000) (emphasis added) (quoting <u>Bashor v. Risley</u>, 730 F.2d 1228, 1240 (9th Cir. 1984));  <u>see also</u> <u>Windham v. Merkle</u>, 163 F.3d 1092, 1106 (9th Cir. 1998) ("Under the law of this circuit, the failure of a state trial court to instruct on lesser included offenses in non-capital cases does not present a federal constitutional question").

Petitioner correctly responds that <u>Bashor</u> and <u>Solis</u> both recognize that the rule barring habeas consideration of a claim involving a failure to instruct on a lesser-included offense does not bar a claim that the trial court deprived the petitioner of an adequate instruction on his theory of defense.  <u>See</u> <u>Bashor</u>, 433 F.3d at 1240 ("This general statement [failure to instruct on a lesser-included offense is not reviewable on habeas] may not apply to every habeas corpus review, because the criminal defendant is also entitled to adequate instructions on his or her theory of defense.");  <u>Solis</u>, 219 F.3d at 929 ("The *Bashnor* court noted, however, that the defendant's right to adequate jury instructions on his or her theory of the case might, in some cases, constitute an exception to the general rule.").

This claim, too, fails.  Petitioner has not established that the trial court failed to instruct on his theory of defense.  Petitioner's defense is that he may have been guilty of battery, but he did not have the requisite intent to be found guilty of robbery; that is, "[t]he dispute turned on *why* Petitioner hit Andrew with the prosecution arguing that he punched Andrew in order to effectuate a robbery while Petitioner argued he hit Andrew to keep Andrew and Jose apart and that he had no knowledge of Jose's plan to rob Andrew."  Habeas Petition at 10;  <u>see also</u> <u>id.</u> at 11 ("Petitioner did not even know that Jose intended to rob the

3

1  victim or that Jose had taken any of the victim's property."). In order to convict Petitioner of
2  robbery, the jury was instructed that it had to find that Petitioner "has the specific intent to
3  deprive the victim of property, and intended to encourage or facilitate the commission of the
4  robbery." Opinion at 9. Thus, the jury had to consider Petitioner's defense that, while he
5  may have battered the victim, he did not intend to rob him; in other words, if the jury
6  accepted his story, it would have to acquit. In any event, Petitioner has not cited any well-
7  established Federal law that suggests that the trial court violated his due process rights by not
8  sua sponte giving a battery instruction in the circumstances of this case.

9  Petitioner's real argument is that the jury was deprived of the option of convicting
10 Petitioner of the lesser offense of battery; that is, that it was robbery or nothing. See Petition
11 at 9 ("Giving the jury the opportunity to convict on a lesser offense when supported by the
12 evidence ensures that the jury will give the defendant the full benefit of the reasonable doubt
13 standard.") (internal quotation marks and citations omitted); id. at 11 ("[T]he jury was
14 needlessly limited to the two options of finding Petitioner guilty of robbery or not"). This is
15 precisely the type of claim that under binding Ninth Circuit precedent is not reviewable on a
16 habeas petition. This district court is bound by that precedent.

## CONCLUSION

18  For the reasons explained above, the petition for habeas corpus is DENIED.

19  **IT IS SO ORDERED.**

21  Dated: March 27 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\5571\orderdenyingpetition.wpd    4